```
                IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF PUERTO RICO
```

UNITED STATES OF AMERICA,

    **Plaintiff**

        v.                        **CRIMINAL NO.** 02-056(JAG)

MELVIN RIVERA ORTIZ, et al.,

    **Releasee(s)**

## OPINION AND ORDER

GARCIA-GREGORY, D.J.

Pending before the Court is Melvin Rivera Ortiz's ("Releasee") Motion to Modify his Conditions of Supervised Release. (Docket No. 1121). For the reasons set forth below, the Court **DENIES** the Motion.

### FACTUAL AND PROCEDURAL BACKGROUND

On January 7, 2004, Releasee was sentenced to serve 70 months with 4 years of supervised release. A condition of supervised release was imposed requiring Releasee to pay the cost of supervision at a rate of $283.23 per month. On June 13, 2007, Releasee filed the pending Motion to Modify his Conditions of Supervised Release in which he requested that this Court eliminate the cost of supervision he is required to pay. Releasee also requested that this Court schedule a hearing and that an attorney be appointed to represent him in the hearing. (Docket No. 1121).

Criminal No.  02-056 (JAG)                                              2

Releasee's Motion was referred to Magistrate Judge Justo Arenas. (Docket No. 1127).

On July 10, 2007, a hearing was held by Magistrate Judge Justo Arenas to discuss the above referenced matter. In the hearing, the Court ordered the appointment of the Federal Public Defender's Office to represent Releasee. U.S. Probation Officer Jose Soto ("USPO")  was present at the hearing and opposed the elimination of the cost of supervision condition but agreed to have it reduced. The Government concurred with the USPO's position. (Docket No. 1135). On September 26, 2007, another hearing was held where the Government requested a reduction of the cost of supervision to $50.00 monthly. (Docket No. 1156).

On November 13, 2007, after another hearing took place, Magistrate Judge Justo Arenas issued a Report and Recommendation in which he recommended that Releasee pay $50 a month. (Docket No. 1172). Releasee objected to the Report and Recommendation stating that he was unable to pay any cost of supervision and, as such, it should be eliminated. (Docket No. 1176).

On December 7, 2007, this Court ordered the U.S. Probation Office to reply to the Magistrate Judge's recommendation and Releasee's objection. The U.S. Probation office complied with said order and informed the Court that Releasee has not paid any of the costs of supervision. Moreover, the U.S. Probation office informed this Court that it believes that the Court was more than lenient

Criminal No. 02-056 (JAG)                                              3

when it decided to reduce the cost of supervision from $283.23 to $50. Furthermore, the U.S. Probation office stated that Releasee was employed and skilled and, therefore, able to comply with the $50 cost of supervision. (Docket No. 1184).

## STANDARD OF REVIEW

1) <u>Standard for Reviewing a Magistrate-Judge's Report and Recommendation</u>

Pursuant to 28 U.S.C. §§ 636(b)(1)(B); Fed.R.Civ.P. 72(b); and Local Rule 503; a District Court may refer dispositive motions to a United States Magistrate-Judge for a Report and Recommendation. See <u>Alamo Rodriguez v. Pfizer Pharmaceuticals, Inc.</u>, 286 F. Supp. 2d 144, 146 (D.P.R. 2003). The adversely affected party may "contest the Magistrate-Judge's report and recommendation by filing objections 'within ten days of being served' with a copy of the order." <u>United States of America v. Mercado Pagan</u>, 286 F. Supp. 2d 231, 233 (D.P.R. 2003) (quoting 28 U.S.C. §§ 636(b)(1).) If objections are timely filed, the District Judge shall "make a de novo determination of those portions of the report or specified findings or recommendation to which [an] objection is made." <u>Rivera-De-Leon v. Maxon Eng'g Servs.</u>, 283 F. Supp. 2d 550, 555 (D.P.R. 2003). The Court can "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate", however, if the affected party fails to timely file objections, the district court can assume that they have

Criminal No. 02-056 (JAG)                                                4

agreed to the magistrate's recommendation. Alamo Rodriguez, 286 F. Supp. 2d at 146 (quoting Templeman v. Chris Craft Corp., 770 F.2d 245, 247 (1st Cir. 1985)).

## DISCUSSION

In the case at bar, Releasee's cost of supervision was not imposed as a fine but was a condition of supervised release. Therefore, U.S.S.G. § 5E1.2[1] and 18 U.S.C.A. § 3572,[2] which relate to the imposition of fines, are inapplicable to Releasee's judgment. United States v. O'Quinn, 1995 U.S. App. LEXIS 9835 (4th

---

[1] Section § 5E1.2 of the Sentencing Guidelines allows the Court to impose a fine that is at least sufficient to pay the costs to the government of any supervised release ordered. Subsection (e) reads as follows:

> If the defendant establishes that (1) he is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay all or part of the fine required by the preceding provisions, or (2) imposition of a fine would unduly burden the defendant's dependents, the court may impose a lesser fine or waive the fine.

Subsection (e) places the burden upon the defendant of establishing that he or she is unable to pay a fine. See United States v. Hays, 1997 U.S. App. LEXIS 19757 (10th Cir. 1997); United States v. Klein, 93 F.3d 698, 705 (10th Cir. 1996). Nonetheless, our Circuit has held that the costs of supervised release constitute an additional fine under § 5E1.2(a) of the Sentencing Guidelines and should not be imposed where a defendant has been found indigent and, thus, exempt from a punitive fine. United States v. Pineda, 981 F.2d 569, 576 (1st Cir. 1992); United States v. Corral, 964 F.2d 83, 84 (1st Cir. 1992).

[2] This section sets forth the factors, in addition to the factors set forth in 18 U.S.C. § 3553(a), that a Court should consider in determining whether to impose a fine, the amount, the time for payment, and the method of payment.

Criminal No. 02-056 (JAG)                                            5

Cir. 1995). The relevant statute in this case is 18 U.S.C. 3583, which requires that the conditions of supervised release be "clearly related to several of the [18 U.S.C.] § 3553 purposes[3] and [be] no more restrictive than necessary to accomplish them." Id.

If a Releasee cannot make the monthly installments when he is on supervised release, the condition would be more restrictive than necessary to effectuate the purposes of sentencing. Id. (citing 18 U.S.C.A. § 3583(d)(2)). "Upon proof of such a situation, however, the sentencing court has broad authority to modify the condition of supervised release by reducing the amount due or even by obviating the condition." Id. (citing 18 U.S.C. § 3583(e)(1)).

In the present case, both the Government and the U.S. Probation Office agree that Releasee will be able to comply with a

---

[3] Section 3553 states the factors to be considered in imposing a sentence. Said statute states in pertinent part that:
    (a)... The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider--
    (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
    (2) the need for the sentence imposed--
    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B) to afford adequate deterrence to criminal conduct;
    (C) to protect the public from further crimes of the defendant; and
    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner...18 U.S.C. § 3553.

Criminal No. 02-056 (JAG)                                            6

$50 cost of supervision. The U.S. Probation office believes that Releasee will be able to comply with said amount because he is employed and is a skilled laborer. As such, this Court finds that Releasee has failed to establish his inability to pay $50 for the cost of his supervision.

## CONCLUSION

For the reasons stated above, the Court hereby **ADOPTS** the Magistrate Judge's Report and Recommendation, (Docket No. 1172), and, accordingly, **DENIES** Releasee's Motion to Modify his Conditions of Supervised Release. (Docket No. 1121). Releasee is ordered to pay a $50 monthly cost of supervision.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 20th day of December, 2007.

<u>S/Jay A. Garcia-Gregory</u>
JAY A. GARCIA-GREGORY
United States District Judge